# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:26-cr-00023 |
| | : | |
| v. | : | |
| | : | |
| LUCAS REISINGER | : | Judge Jennifer P. Wilson |

## CRIMINAL PRACTICE AND SCHEDULING ORDER

The practice and procedure in all criminal cases shall be in accordance with the Federal Rules of Criminal Procedure, and the Local Rules of the Middle District of Pennsylvania. In addition, **IT IS ORDERED THAT** the above-captioned case will be governed by the following:

**1.  Trial.**  The trial will commence with the drawing of a jury on **May 4, 2026, at 9:30 a.m.** in Courtroom No. 8A, Eighth Floor, Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania.

**2.  Motions deadline.**

(A)  All pretrial motions, except motions in limine, and except for good cause shown, shall be filed by no later than 21 days prior to the commencement of jury selection and trial. The motion must be accompanied by a brief.

(B)  A motion for a bill of particulars is governed by Rule 7 of the Federal Rules of Criminal Procedure.

**3.  Caption.**  The name of the judge to whom this case is assigned shall appear under the case number.

**4.     Conference.**   Within ten days after the date of this order, the United States Attorney, or one of his assistants, and the attorney for the defendant shall meet in the United States Attorney's Office, Second Floor, Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania.  At that conference, the Government shall:

    (A)    Permit the attorney for the defendant to inspect and copy any relevant written or recorded statements or confessions made by the defendant or copies thereof within the possession, custody, or control of the Government, the existence of which is known, or may become known to the attorney for the Government;

    (B)    Permit the attorney for the defendant to inspect and copy any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or may become known to the attorney for the Government;

    (C)    Permit the attorney for the defendant to inspect and copy any recorded testimony of the defendant before a grand jury which relates to the offense charged;

    (D)    Permit the attorney for the defendant to inspect and copy books, papers, documents, tangible objects, buildings, or places which are the property of the defendant and which are within the possession, custody, or control of the Government;

    (E)    Permit the attorney for the defendant to inspect and copy the defendant's prior criminal record in the possession of the attorney for the Government;

    (F)    Permit the attorney for the defendant to inspect and copy any exculpatory evidence within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963).  The Government may, however, first redact impeachment material that is within the scope of *Giglio v. United States*, 405 U.S. 150 (1972).  The Government shall make all *Giglio* material available to the defendant for inspection and copying no less than one week before the start of trial, unless the Government demonstrates that unique circumstances in the case require a later disclosure;

    (G)    Produce all evidence which may be the subject of a Rule 12 motion; and

  (H) If there are multiple defendants named in the indictment, and if the Government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a codefendant, then the Government shall make a copy of that statement or confession available to counsel for the non-declarant defendant along with a proposal for its redaction to conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968).  If the Government makes no such disclosure and turnover, the confession may not be received at a joint trial of the declarant and non-declarant defendants. If, within ten days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, he will be deemed to have acceded to the admission of the redacted statement into evidence.

**5.** **Reciprocal Discovery.** The defendant shall provide Government counsel with a reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

**6.** **Disclosure Declined.**

  (A) If, in the judgment of the United States Attorney, it would be detrimental to the interests of justice to make any of the disclosures set forth in ¶ 4, disclosure may be declined, and defense counsel advised in writing of the declination on or before the date of the conference between counsel;

  (B) If the defendant seeks to challenge the declination, he may move the court for relief in the following manner:

   (i) no later than seven days after the conference between counsel, the defendant shall file a motion for discovery or inspection;

   (ii) the motion shall set forth (a) a statement showing the date and time that the prescribed conference between counsel was held; (b) the name of the assistant United States attorney with whom the conference was held; (c) all matters which were agreed upon; and (d) the matters which are in dispute and which require the court's determination.

**7.** **Continuing Duty.** Any duty of disclosure and discovery set forth herein is a continuing one, and the United States Attorney shall produce any additional information gained by the Government within ten days after receipt thereof, subject to the provisions of ¶ 6 relating to declination of disclosure.  The defendant

may move to challenge the declination with respect to such additional materials within seven days after the Government declines to disclose same.

**8.     Exhibits.**

(A)     The parties shall pre-mark all exhibits which they intend to introduce as part of their case in chief.  One copy of the exhibit list and all exhibits shall be served on the opposing party not later than ten business days prior to the commencement of trial.  One set of pre-marked documentary exhibits and one USB flash drive containing the complete set of exhibits and an exhibit list in triplicate shall be given to the courtroom deputy before jury selection on the day of trial for the court's use.  The exhibit list shall be in the form provided on the court's website at www.pamd.uscourts.gov.

(B)     The original exhibits shall be maintained by counsel.

(C)     All parties are expected to use presentation technology available in the courtroom to display evidence.  Training on the equipment shall be arranged in advance of trial with the courtroom deputy. *See* "Programs & Services" page on the court's website at www.pamd.uscourts.gov.

(D)     Counsel shall utilize the Jury Evidence Recording System ("JERS") for the presentation of admitted exhibits to the jury during deliberations.  In order to utilize JERS, counsel must submit a properly formatted USB flash drive with the complete set of admitted exhibits to Courtroom Deputy Clerk Kate Toth no less than one business day prior to closing arguments.  The digital copies of exhibits shall be named in conformity with the "Exhibit Formatting Instructions for Batch Importing" available on the court's website at http://www.pamd.uscourts.gov/jers

**9.     Witness Statements.**  Counsel shall pre-mark all statements which must be produced pursuant to Federal Rule of Criminal Procedure 26.2 so that no trial delay is encountered at the time the statements are turned over.  Voluntary disclosure at a time earlier than that mandated by the Federal Rule is encouraged in order to avoid delays at trial.

**10.    Depositions.**  If a videotape deposition is to be used at trial, it **must** be accompanied by a transcript of the deposition.

**11.    Motions.**

    (A)    **Concurrence by Opposing Counsel.**  All motions prior to trial shall be written, and shall, with the exception of ex parte motions, contain a certification by counsel for the movant that concurrence in the motion by opposing counsel has been sought and it has been either given or denied.

    (B)    **Documents Substantiating Motion.**  When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents shall accompany the motion unless good cause is shown why they cannot be submitted at that time, in which event they shall be filed as soon as reasonably possible.

    (C)    **Certificates of Service and Proposed Orders.**  Certificates of service shall be attached to the motion following the certificate of concurrence or nonconcurrence. When filing a proposed order with a motion, include a heading as "Order" rather than "Proposed Order" or "[Proposed] Order."  The court is advised of the "proposed" status of a party's order by virtue of CM/ECF functions.

    (D)    **Pretrial Motions.**

        (i) Pretrial motions shall be accompanied by a supporting brief.  If a supporting brief is not filed in conjunction with the motion, the motion will be deemed withdrawn, unless otherwise ordered by the court.

        (ii) A responsive brief shall be filed within fourteen days of the filing of the motion and brief.

        (iii) A reply brief may be filed within fourteen days after the filing of the responsive brief.  The court reserves the right to rule on any motion without benefit of a reply brief.

        (iv)  Motions for extension of time must be filed before the expiration of the original deadline absent good cause shown.

    (E)    **Motions to Extend or Shorten Time.**  A motion to extend or shorten a time period may be granted by the court without waiting for a responsive brief.

    (F)    **Ex Parte Motions.**  All requests to the court for the issuance of subpoenas or writs of habeas corpus ad testificandum shall, except for good cause shown, be filed ten days prior to the date set for jury selection and shall state with

specificity the proposed testimony of each witness and its relevance to the case. The witnesses shall be listed in the order of preference to the movant.

      (G)    **Trial Continuances.**  All continuance motions shall be filed no later than one week prior to the scheduled trial date.  Counsel must request the length of continuance, if a specific time frame is not requested, the court will default to a 30-day continuance.  All continuance motions shall be filed with a proposed order.  Attached to this order is the court's proposed order for continuances.

**12.**    **Proposed Voir Dire Questions.**  Proposed voir dire questions shall be filed via CM/ECF by the deadline established in the date certain trial scheduling order.

**13.**    **Joint Voir Dire Statement.**  The parties shall jointly file via CM/ECF, by the deadline established in the date certain trial scheduling order, a brief statement describing the case, which will be read by the court to the prospective jurors during voir dire.  In most cases, this statement should not exceed one paragraph.

**14.**    **Proposed Jury Instructions.**  Each party shall file proposed jury instructions via CM/ECF by the deadline established in the date certain trial scheduling order.  Proposed jury instructions shall be formatted one to a page and shall identify the relevant authority for the instruction.  When the authority relied upon is case law, the reference shall include the page(s) of the decision containing the point being proposed as well as the case citation.  Supplemental proposed jury instructions may be submitted for matters arising during the trial which could not reasonably have been anticipated prior to trial.  For all proposed instructions based on model instructions, each party shall provide both a "clean" and redline copy showing any changes that were made to the model instruction.  In addition, each party shall provide the court with a Microsoft Word version of their proposed instructions via email to Judge_Wilson@pamd.uscourts.gov on the same date when the proposed instructions are filed.  The parties need not include routine procedural instructions unless they are specifically pertinent to their case.

**15.**    **Proposed Verdict Forms.**  Each party shall file a proposed verdict form via CM/ECF by the deadline established in the date certain trial scheduling order.  In addition, counsel shall provide the court with a Microsoft Word version of their proposed verdict form via email to Judge_Wilson@pamd.uscourts.gov on the same date when the proposed instructions are filed.

**16.**    **Communication with the Court.**  All requests for court action on a pending criminal matter shall be presented by motion complying with this order and the court's Local Rules.  Any other written correspondence to the court shall be

docketed in CM/ECF.  All mail addressed to the court shall be mailed to the Clerk's Office, 1501 North 6th Street, Harrisburg, Pennsylvania 17102.  Counsel shall not copy the court on correspondence between counsel unless specifically invited to do so by the court.  No counsel shall meet with the court on a matter relating to this case in person or by telephone unless opposing counsel is present in person or by telephone.  Counsel may contact chambers staff to discuss procedural or scheduling matters, provided that opposing counsel is included in the communication.

**17.    Conflict with Rules of Court or Prior Order.**  Should any provision of this order conflict with any Local Rule of the Middle District of Pennsylvania, or any standing order of this court or district, such conflicting provision of this order shall control and the rule of court or standing order shall be suspended in the captioned case to the extent that it conflicts with this order.  If any provision of this order conflicts with a prior order in this case, such prior order shall be revoked to the extent that it conflicts with this order.

**18.    Plea Agreements.**  All plea agreements shall be reduced to writing prior to the guilty plea hearing and shall be executed by all parties prior to the time of the guilty plea hearing.

**19.    Daily Trial Schedule.**  The following trial schedule will be maintained, unless otherwise ordered by the court: Each morning session will commence at 9:30 a.m. and end at 12:30 p.m.  Each afternoon session will commence at 1:30 p.m. and end at 4:30 p.m.  There will be a ten-minute break at approximately 11:00 a.m. and 3:00 p.m.  The courtroom doors will be locked during lunch hour.  Any conference outside the presence of the jury will occur either at 9:00 a.m., or at 4:30 p.m., and counsel should notify the court as soon as practicable when a conference will be needed.

**20.    Polling of the Jury.**  Any request to have the jury polled must be made before the court enters judgment and excuses the jury.

**21.    Bench Trial.**  In a bench trial, a request for factual findings pursuant to Federal Rule of Criminal Procedure 23(c), must be made before the court retires to deliberate.

**22.** **Presentence Procedures.**  In the event of a guilty plea or conviction, the following presentence procedures shall be followed:

    (A)    The court will schedule a presentence conference to follow the preparation of a presentence report by the probation department.

    (B)    Prior to the presentence conference, defense and G

Government counsel shall be thoroughly familiar with the contents of the presentence report and defense counsel shall discuss the presentence report with the defendant.

    (C)    Following the presentence conference, the court will generally issue a briefing schedule for sentencing memoranda and, if necessary, a scheduling order for a factual hearing if there are disputed facts relevant to sentencing.  The court will also issue a scheduling order for the sentencing hearing at that time.

        s/Jennifer P. Wilson
        JENNIFER P. WILSON
        United States District Judge
        Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. |
| | : | |
| v. | : | |
| | : | |
| | : | Judge Jennifer P. Wilson |

**TRIAL CONTINUANCE ORDER**

**AND NOW**, this __ day of _____, 2026, upon consideration of [Defendant's/Defendants'] [unopposed] [joint] motion to continue deadlines, Doc. __, noting the Government's concurrence, **IT IS ORDERED THAT** Defendant's motion, Doc. __, is **GRANTED**. Pretrial motions shall be filed by _____. Jury selection and trial in the above-captioned action scheduled for _____ are **CONTINUED** to _____**, at 9:30 a.m.**, in Courtroom No. 8A, Eighth Floor, Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania. The court specifically finds that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting a continuance in this matter outweigh the interests of the public and Defendant(s) in a speedy trial. It has been represented to the court that additional time is required for (basis for continuance).

The Clerk of Court shall exclude the appropriate time in the above-captioned action pursuant to the Speedy Trial Act and this Order.

                                        <u>s/Jennifer P. Wilson</u>
                                        JENNIFER P. WILSON
                                        United States District Judge
                                        Middle District of Pennsylvania